UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **DEBORA STROUT,** | ) |
| Plaintiff | ) ) ) ) |
| v. | ) DOCKET NO. CV-19- ) |
| **GIFTCRAFT, LTD.,** | ) ) |
| Defendant | ) |

**Plaintiff's Complaint and Jury Trial Request**

**NOW COMES** Plaintiff, Debora Strout, by and through counsel, Sarah A. Churchill, Esq., and complains against Defendant as follows:

**PARTIES**

1. Plaintiff, Debora Strout, is a resident of the town of Bangor, Maine.

2. Defendant, Giftcraft, Ltd., is an international corporation with headquarters in Ontario, Canada doing business in the State of Maine at various locations throughout the state.

**JURISDICTION**

3. The Court has original jurisdiction under 28 U.S.C. §1331.

1

## VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 whereas a substantial part of the events or omissions giving rise to Plaintiff's Claims occurred while she was domiciled in this Court's District.

## STATEMENT OF FACTS

5. Plaintiff began working for Defendant in January of 2014.

6. Plaintiff was 51 years old at the time she was hired by Defendant.

7. Plaintiff's job entailed visiting local retail establishments and selling them Defendant's merchandise to place in inventory in the local stores.

8. The position involved traveling all over the state by vehicle and on occasion staying overnight in hotels.

9. Plaintiff was qualified for this position and performed her job at a high level.

10. From January 2014 through June 2016 Plaintiff covered the entire state of Maine.

11. During a portion of this period of time Plaintiff resided in Portland, Maine.

12. From the spring of 2015-March 2017 Plaintiff was constantly threatened with major accounts being taken from her as well as her

territory being split and given to the New Hampshire sales representative.

13. During this period of time Kim Bartolotta, Sales Director, was Plaintiff's boss.

14. In the Summer of 2016 my territory was spilt and southern Maine, which has larger accounts was assigned to Plaintiff, however, she was, now, living outside of her territory and having to travel about 1.5 to 2 hours daily to get into her territory.

15. Defendant was aware of where she was residing at this time.

16. The split removed many of Plaintiff's most profitable accounts from her territory and therefore lowered her sales numbers.

17. Plaintiff confronted a supervisor about the fact that this change was unfair and would make it impossible to meet sales goals.

18. Less than one week after lodging this complaint Plaintiff received a call from Kim Bartolotta the Director of Sales about her sales numbers being too low.

19. This was a constant source of tension throughout 2015 and 2016.

20. There is a National Sales meeting for the company in November of 2016 that Plaintiff was told she could not go to due to her sales

numbers when there were other representatives for the company who were allowed to attend when they had low sales numbers.

21. Instead of Plaintiff going to the National Sales Meeting as a top performer, Kim Bartolotta sent a new, inexperienced, younger sales representative she had just hired to start in January 2017 to cover the northern Maine territory.

22. On December 7, 2016 Plaintiff was informed that her territory would be split in half again (effective January 3, 2017).

23. In January 2017 Plaintiff was told she had 30 days to improve her sales numbers.

24. Plaintiff was given this directive even though she had increased her previous new territory's sales by 41% from June through December of 2016.

25. Plaintiff was not allowed to go to the January 2017 Atlanta gift show even though she had gone in January 2016 and she had written over $100K in sales.

26. Increasing Plaintiff's numbers was an impossible task since the number of accounts she had to service were cut in half again and she was not allowed to go to the Atlanta gift show where her buyers do the majority of their buying for their June-December.

27. Plaintiff complained to Human Resources about this on a couple of occasions and nothing was done to resolve the issue.

28. Plaintiff was contacted at all hours of the day and night and on weekends and holidays about work related items that could have been dealt with in normal business hours.

29. It became clear during Plaintiff's time at Giftcraft, Ltd. that as one of the older employees she did not fit into their atmosphere of drinking and carrying on.

30. Plaintiff simply wanted to do her job, which she had done well, and have the Defendant give her the appropriate tools she needed to be successful.

31. Throughout 2016 and in 2017 Plaintiff's territory was reduced and she was routinely questioned about the need for hotel rooms in order to cover all of her territory.

32. Throughout this time the new individuals that were hired by Defendant were much, much younger than me with little to no industry experience.

33. Plaintiff was aware of this fact because she was asked to train the new hires on a regular basis.

34. Defendant intentionally reduced her territory to make it impossible for her to meet sales goals so they could terminate her and replace her with a younger person.

35. Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

36. Plaintiff has complied with the requirements of 42 U.S.C. §2000e-5.

## Count 1

### Ae Discrimination under ADEA, 29 U.S.C. §621 et seq.

37. Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

38. Defendant is, and was at all times relevant to this complaint, an employer in an "industry affecting commerce" as defined in 29 U.S.C. §630.

39. Plaintiff was over 40 years of age at all times relevant to this complaint.

40. Plaintiff performed work of sufficient quality for any legitimate expectations of Defendant.

41. Defendant, through its duly-authorized agents and employees, who were acting on behalf of Defendant within the scope of their employment, discriminated and against Plaintiff on the basis of her

age as set forth above, including reassigning her sales territory and denying her tools and gift show sales opportunities that were available to younger employees.

42. Defendant has a continued business need for sales representatives in the territories covered by Plaintiff.

43. Defendant's violation of the ADEA were willful violations within the definition of the ADEA.

44. As a direct and proximate cause of the practices and actions of Defendant, its agents and employees Plaintiff suffered and continues to suffer injuries including financial losses; pain suffering; humiliation; and other past and future financial losses.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a. Declare Defendant's actions unlawful;

b. Award Plaintiff damages;

c. Award Plaintiff reasonable attorney's fees, costs, and interest;

d. Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

      e.    Award all allowable penalties, nominal and statutory damages; and

      f.    Such further relief as the Court deems proper and just.

## Count 2

### Maine Human Rights Act Age Discrimination

45. Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

46. Plaintiff is a member of a protected class in that she is over 40 years old.

47. Plaintiff satisfactorily preformed all of her job duties.

48. Defendant terminated Plaintiff's employment.

49. Plaintiff's position was taken over by someone who was younger than she was.

50. As a result of the discriminatory treatment, Plaintiff suffered damages.

51. Defendant acted with malice and reckless indifference to Plaintiff's protected civil rights. Defendant was motivated by discriminatory intent.

52. Defendant discriminated against plaintiff in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4572.

53. Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.  Declare Defendant's actions unlawful;

b.  Award Plaintiff damages;

c.  Award Plaintiff reasonable attorney's fees, costs, and interest;

d.  Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e.  Award all allowable penalties, nominal and statutory damages; and

f.  Such further relief as the Court deems proper and just.

## JURY REQUEST

Plaintiff hereby requests a jury trial.

Dated at Portland, Maine this 13th day of August, 2019.

**By: Nichols & Churchill, PA**

___/s/ Sarah A. Churchill_____
Sarah A. Churchill, Esq.
Maine Bar No. 9320
Attorney for Plaintiff

NICHOLS & CHURCHILL, PA
1250 Forest Avenue
Suite 10

Portland, ME 04103
(207)879-4000